IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| ECHOSTAR TECHNOLOGIES | § | |
| L.L.C., and NAGRASTAR LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:11-CV-480-K |
| JARED NORRIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Dish Network L.L.C., Echostar Technologies L.L.C., and Nagrastar LLC's (collectively "Dish Network") Motion to Amend Judgment (Doc. No. 22). Upon consideration, the motion is **GRANTED in part** and **DENIED in part**.

On July 1, 2011, this Court granted a request for default judgment against Defendant Jared Norris for violations of the Electronic Communications Privacy Act ("ECPA") for pirating Dish Network's satellite video transmissions, and entered a final judgment and permanent injunction against Mr. Norris. Doc. No. 21. The final judgment and permanent injunction awarded Dish Network $1,500 in statutory damages and prohibited Mr. Norris from future piracy of Dish Network's satellite transmission. *Id*. at 5–6.

On July 7, 2011, Dish Network filed this motion to amend judgment. In its motion, Dish Network states this Court erroneously awarded statutory damages under 18 U.S.C. § 2520(c)(1) of the ECPA, instead of 18 U.S.C. § 2520(c)(2). Under § 2520(c)(1), the "court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $50 and not more than $500" per occurrence for persons who have: (1) pirated unscrambled or unencrypted satellite video transmission and (2) who have not previously been enjoined under the ECPA. 18 U.S.C. § 2520(c)(1) (2006). Under § 2520(c)(2), "the court <u>may</u> assess as damages whichever is the greater of" (1) actual damages or statutory damages of (2) $100/day for each day of violation or (3) $10,000. 18 U.S.C. § 2520(c)(2) (2006) (emphasis added). Section 2520(c)(2) has been held to apply to the piracy of scrambled or encrypted satellite video transmissions. *DirecTV, Inc. v. Bennett*, 470 F.3d 565, 568 (5th Cir. 2006).

After reviewing Dish Network's motion for default judgment, it is clear that Dish Network requested statutory damages under 18 U.S.C. § 2520(c)(2) for illegal private viewing of <u>scrambled or encrypted</u> satellite video. *See* Doc. No. 19 at ¶ 14. The Court acknowledges its error in awarding damages under 18 U.S.C. § 2520(c)(1) for illegal private viewing of <u>unscrambled or unencrypted</u> satellite video. *See* Doc. No. 21 at 6.

As a result of the change in remedy provisions, Dish Network requests statutory damages of $10,000, an increase from the $1,500 originally awarded by this Court.

Doc. No. 22 at 1.  As noted above, damages under § 2520(c)(2) are the greater of a plaintiff's actual damages, $100/day for each day of violation, or $10,000.  18 U.S.C. § 2520(c)(2) (2006).  Dish Network has presented no evidence of actual damages, and the evidence establishes Mr. Norris pirated Dish Network's signal on three days.  *See* Doc. No. 14 at 16 (Mr. Norris connected to the keyword sharing server on three days in May and June 2010).  Therefore, the greater of Dish Network's actual damages or statutory remedies is $10,000, where $10,000 is greater than $0 in actual damages or $300 in $100/day damages.

However, a district court is afforded discretion in the amount of damages it awards for violations of § 2520(c)(2).  *DirecTV, Inc. v. Barczewski*, 604 F.3d 1004, 1009–10 (7th Cir. 2010).  Five circuit courts of appeals have considered the language in § 2520(c)(2), and all five have agreed the permissive "may" used in the statutory provision gives a district judge discretion to award an amount of statutory damages.  *Id*. at 1007 (7th circuit joined the 4th, 6th, 8th, and 11th circuits, and holds the provision to be discretionary).  While the Fifth Circuit has not had a chance to rule upon this provision, this Court has reviewed the reasoning of the five circuit courts of appeals which have considered the issue, and concludes that reasoning is sound.

This Court also finds persuasive *Barczewski*'s discussion on the appropriate way to exercise the discretion afforded to district judges, which attempts to balance the need to deter illegal conduct against the burden of oppressively harsh penalties.  *See id*. at

1009–11.  The Court finds that its original $1,500 award of statutory damages is an appropriate amount, enough to reprimand Mr. Norris for his behavior but not so much as to be unduly punitive.

In conclusion, Dish Network's motion to amend judgment is **GRANTED in part** and **DENIED in part**.  This Court's Final Judgment and Permanent Injunction, issued July 1, 2011, is hereby amended to state the statutory damages awarded are under 18 U.S.C. § 2520(c)(2), not § 2520(c)(1).  The amount of statutory damages shall remain $1,500.

**SO ORDERED.**

Signed August 4th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE